438

INLAND BONDING CO. v. MAINLAND
NAT. BANK OF PLEASANTVILLE
et al.

No. C–2332.

District Court, D. New Jersey.

April 19, 1944.

Thomas H. Munyan, of Atlantic City, N. J., for Mainland Nat. Bank, Osborne Ware, and Anthony P. Miller.

Vincent S. Haneman, of Atlantic City, N. J., for Ronald A. Needham.

Harry Miller, of Atlantic City, N. J., opposed.

FORMAN, District Judge.

This is a motion to suppress the deposition of Ronald A. Needham taken pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the grounds that said deposition is irregular and incomplete for the reason that the defendants had no opportunity to cross-examine the witness.

The deposition was taken at the home of the witness, who was in ill health at the time. The attorneys for the respective parties stipulated and agreed, before Mr. Needham's testimony was taken, to waive all formalities in the taking of said deposition not technically complied with by any of the parties thereto; to waive the signature of the witness to the deposition; that the deposition "may be used for all purposes by any of the parties, as set forth in the Federal Rules of Civil Procedure, notwithstanding failure on the part of any of the parties to fully comply with the formalities prescribed by said rules in the taking of such deposition."

Mr. Needham was duly sworn and testified upon the examination of plaintiff's counsel. The attorneys representing the defendants were present and their objections were noted. Upon the completion of the examination by counsel for the plaintiff, the following stipulation was entered into between counsel representing both parties:

"It Is Stipulated And Agreed by and between counsel that this present hearing be adjourned to some subsequent date for the purpose of examination of Mr. Needham by Mr. Munyan and Mr. Haneman, the necessity for this adjournment being occasioned by Mr. Needham's present ill health."

A few days later Mr. Needham died, before the attorney's representing the defendants had an opportunity to examine him.

Defendants bring this motion under Rule 32(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides for a motion to suppress a deposition or a part thereof where there is an error or irregularity concerning its completion and return. Plaintiff argues that the errors and irregularities covered by this rule do not encompass the irregularity claimed by defendants herein, but are restricted to errors and irregularities of the same type which both parties stipulated and agreed to waive before this deposition was taken. There is no necessity for this court to pass on the question as to whether this motion was properly brought under Rule 32(d), because defendants should have a right under circumstances such as these to ascertain whether they may be called upon at the trial to face the admission of the deposition, or a part thereof, into evidence, in order that they may be able to properly prepare their case.

There appear to be no cases directly in point on this subject since the

adoption of the new rules. The rules concerning the admissibility of evidence are designed to obtain as much of the truth as possible. The trial court is given much discretion in this respect. Strictly speaking, testimony such as this might be considered objectionable, but it cannot harm the defendants if it is admitted for what it is worth and the jury instructed accordingly, whereas to deny its admissibility might endanger the plaintiff's position in a case of this nature. The defendants are charged with conspiring to defraud the plaintiff and Mr. Needham is alleged to have been one of the principal actors in the conspiracy. We must recognize the difficulties involved in proving a complaint of this nature. The delay in completing the testimony of Mr. Needham before his death cannot be attributed to either of the parties.

The authorities are in accord with this view. The late Professor Wigmore sums up the point in the latest edition of his work on Evidence, as follows:

"Where the witness' *death* or *lasting illness* would not have intervened to prevent cross-examination but for the *voluntary act* of the witness himself or the party offering him—as, by a postponement or other interruption brought about immediately after the direct examination, it seems clear that the direct testimony must be struck out. Upon the same principle, the same result should follow where the illness is but temporary and the offering party might have recalled the witness for cross-examination before the end of the trial.

But, where the death or illness prevents cross-examination under such circumstances that *no responsibility* of any sort can be attributed to either the witness or his party, it seems harsh measure to strike out all that has been obtained on the direct examination. Principle requires in strictness nothing less. But the true solution would be to avoid any inflexible rule, and to leave it to the trial judge to admit the direct examination so far as the loss of cross-examination can be shown to him to be not in that instance a material loss. Courts differ in their treatment of this difficult situation; except that, by general concession, a cross-examination begun but unfinished suffices if its purposes have been substantially accomplished.

Where, however, the failure to obtain cross-examination is in any sense attributable to the *cross-examiner's own consent or fault,* the lack of cross-examination is of course no objection,—according to the general principle that an opportunity, though waived, suffices." (Emphasis that of author). 5 Wigmore on Evidence, 3rd Ed. § 1390, pp. 109–111.

The same principles are found in different language in 2 Jones on Evidence, 4th Ed., § 688, as follows:

"* * * If, however, the cross-examination was postponed by consent of the parties and the objecting party has lost the right to cross-examine the witness by reason of the latter's death, there is no ground for suppression. And, if the testimony is substantially complete and the deposition duly signed and certified, it should not be suppressed because a question or two or cross-examination has not been answered. Said Chief Justice Shaw on this subject: 'No general rule can be laid down in respect to unfinished testimony. If substantially complete, and the witness is prevented by sickness or death from finishing his testimony, whether viva voce or by deposition, it ought not to be rejected, but submitted to the jury, with such observations as the particular circumstances may require. But if not so far advanced as to be substantially complete, it must be rejected.'" At page 1241.

The motion to suppress the deposition is denied.