In the Matter of CHARLES COHEN, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Kings County, December 11, 1950.

*Meyer Hochhauser* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Beatrice Shainswit* of counsel), for respondent.

ARKWRIGHT, J. Petitioner, a tenant in the subject premises, moves to review the determination of the Temporary State Housing Rent Administrator and for an order annulling the certificate of eviction issued to Frances Iorio, landlord of premises 2213—63d Street, Brooklyn, N. Y.

The administrator's issuance of a certificate is based upon a petition filed with the Temporary State Rent Housing Commission by the landlord which shows that there are ten persons in landlord's family, all residing together in a five-room apartment. Two of the ten are infants and two others are invalids. This unquestionably presents a showing of immediate and compelling necessity for the apartment. The record abundantly supports the decision of the administrator that the landlord has proceeded in good faith, and has established immediate compelling necessity for the apartment within the law.

Petitioner's contention that the determination of the administrator was improper in that he failed to receive a hearing on the issues is untenable. An examination of the law and regulations fails to reveal any requirement making it mandatory upon the administrator to grant such hearings. Such a hearing if granted is merely permissive in nature and is subject to the administrator's discretion (New York State Residential Rent Law of 1950; L. 1950, ch. 250, amdg. L. 1946, ch. 274, as amd.; § 5, subd. 1, § 7, subd. 3; State Rent and Eviction Regulations, part VIII, § 85, subd. 8, eff. May 1, 1950). There being a reasonable basis in the record and law for the administrator's determination, it should not be disturbed. (*Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, 75.)

The petition is, therefore, dismissed.