In the Matter of BENJAMIN LUBOWITZ, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Kings County, January 24, 1951.

*Boris J. Friedkus* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (H. W. William Caming* of counsel), for respondent.

MURPHY, J. Application by petitioner to review the determination of the State Rent Administrator and for an order annulling such determination reducing the maximum rent registered for failure to maintain the existing services.

The record abundantly supports the determination of the respondent that the landlord has failed to comply with subdivision 2 of section 34 of the Rent and Eviction Regulations. The respondent under such regulation may order a decrease of the maximum rent due to the failure of the landlord to properly maintain essential services included in the maximum rent (Rent and Eviction Regulations, § 23). The petitioner was given sufficient opportunity to sustain his contention that a three-year custom prevailed in the painting of the tenant's apartment instead of the two-year custom established by the respondent.

An examination of the law and regulations fails to reveal any requirement making it mandatory upon the administrator to grant a hearing. Such hearing, if granted, is merely permissive in nature and subject to the administrator's discretion (State Residential Rent Law [L. 1946, ch. 274, as amd. by L. 1950, ch. 250], § 5, subd. 1; §7, subd. 3; Rent and Eviction Regulations, § 85, subd. 8; § 98, subd. 6; *Matter of Cohen* v. *McGoldrick,* 198 Misc. 1036). All of the facts presented by the record amply indicate that in the exercise of such discretion there was no need for an oral hearing. The failure to grant a hearing under the circumstances does not warrant a reversal of the respondent's determination.

There being a rational basis and warrant in the record both as to fact and law, the determination will not be disturbed (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108; *Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70).

Accordingly, the petition is dismissed.