OSCAR GOTTHELF, Respondent, v. HILLCREST LUMBER Co., INC., et al., Appellants.

First Department, November 25, 1952.

*Charles Feit* (*Harold M. Brown*, attorney), for appellants.

*Fred S. Weitzner* (*Lester Feuerstein* with him on the brief), for respondent.

PECK, P. J. The question on this appeal is whether, over the objection of a party being examined before trial, a mechanical recording device may be used to take down the testimony.

The objections are made that rule 129 of the Rules of Civil Practice, relating to the manner of taking testimony by deposition, requires the use of a stenographer, that the use of a recording machine is an infringement of the right of privacy, and that a machine is of questionable fitness for the purpose.

The machine involved in this proceeding is one of the well known and widely used disc recording devices. We can take judicial notice of the fact that disc recording is accurate and of satisfactory fidelity. No objection was made to the particular machine to be used.

While it is possible that a machine may be manipulated in such a way as not to take down all that is said and a record might be tampered with, the latter happening could surely be detected and the former can easily enough be guarded against. Tampering and mistakes are at least equally likely in the case of stenographic recordings, and in any event the witness has the protection of not having to subscribe to any transcript which is not accurate.

As we view the requirement of rule 129 of the Rules of Civil Practice, that an oral examination by deposition shall be conducted in the same manner as on a trial, that means the traditional question and answer form of examination shall be employed. It does not relate to the mechanics of recording the testimony, and certainly the provisions in section 290 *et seq.* of the Judiciary Law, relating to court stenographers, are not applicable to examinations before trial where court stenographers are not used.

We see no merit at all to the suggestion that there is an infringement of privacy in the use of a recording machine where testimony is to be recorded in accordance with law.

In view of the extended use of examinations before trial and the shortage of competent stenographers to take down testimony, it is understandable that members of the Bar should look for a practical, economical and reliable mechanical substitute. We understand that the use of recording machines is growing and have no doubt that they are a desirable innovation in this kind of proceeding. If any solid objection is made to any particular machine on any particular occasion, it can be passed upon by the court at Special Term. We are concerned at this time with the principle of the matter and rule that a recording device may be employed in examinations before trial.

The order appealed from should be affirmed, without costs.

DORE and CALLAHAN, JJ. (dissenting). We dissent and vote to reverse and deny the motion.

In our opinion the use of a recording machine would indicate that the examination was not conducted in the manner provided in rule 129 of the Rules of Civil Practice. We are not called upon to decide at this time whether the use of recording

machines would be an advantageous step or the use of a particular type of machine should be approved while another might be disapproved. Such questions should be decided by those who have the duty to draft the Rules of Civil Practice.

COHN and BREITEL, JJ., concur with PECK, P. J.; DORE and CALLAHAN, JJ., dissent in opinion.

Order affirmed, without costs. The date for the examination to proceed shall be fixed in the order. Settle order on notice.