In the Matter of CHARLES HAMMOND, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Westchester County, January 7, 1955.

*Snitow & Snitow* for petitioner.

*Robert H. Schaffer* for respondent.

Coyne, J. Heretofore the petitioner herein instituted a proceeding, pursuant to article 78 of the Civil Practice Act, to review a determination of the State Rent Commission which had confirmed on protest a determination of the local rent administrator establishing maximum rents for designated accommodations in petitioner's rooming house. In instances where the maximum rents were established pursuant to section 36 of the State Rent and Eviction Regulations, the determination of the respondent was confirmed. In other instances where it was asserted that maximum rents had been established by virtue of a valid registration statement on file in the rent office, and as to which there was a claim of forgery by the petitioner, the court remitted the matter for rehearing. The sole purpose of the remission was to afford petitioner an opportunity to produce proof to establish that the registration statement filed in the year 1944 was a forgery. After many adjournments at the request of petitioner, the matter finally came on to be heard in February, 1954. A further hearing was held on March 8, 1954. On these occasions, witnesses appeared for both sides and a full opportunity was accorded for examination and cross-examination. At the conclusion of the hearing, respondent issued an order dated May 28, 1954, reaffirming in all respects the original order of respondent dated August 13, 1952.

On the present application, petitioner seeks a review and annulment of the most recent order of respondent upon the ground that the rehearing was improperly conducted, and upon the further ground that the determination is contrary to the weight of the credible evidence.

Under the circumstances disclosed by the record, the court finds no merit to petitioner's contention that his legal rights were violated or prejudiced by the refusal of respondent to have a stenographic record made of the rehearing. It is now well established that there is no absolute right to a hearing before the Rent Administrator; nor is there any requirement, in the event a hearing is held, that a stenographic record be made of the evidence. (*Matter of Lubowitz* v. *McGoldrick,* 199 Misc. 615; *Matter of Cohen* v. *McGoldrick,* 198 Misc. 1036; *Matter of Frankel* v. *McGoldrick,* 199 Misc. 841.)

The hearing examiner's report of the hearing held on February 5, 1954, discloses that when petitioner's attorney requested that a stenographic record of the proceedings be taken, he was

informed that such was not the customary practice. He was informed that a stenographic record could be made by a qualified hearing reporter, providing the petitioner bore the expense, and providing a ribbon copy of the transcript was furnished to the State Rent Commission for inclusion in the record. Petitioner's attorney declined to provide a stenographer under the conditions outlined. He thereupon produced and offered the use of a recording machine for the purpose of recording the hearing, stating that the record would be transcribed by one of his office employees. This offer was rejected by the hearing examiner. Such rejection under the circumstances shown was a matter solely within the exercise of the Administrator's discretion. Clearly, if in the first instance there was no requirement for a stenographic record, it follows that there was no requirement for any verbatim record, by mechanical device or otherwise. While the court is cognizant of the decision of the Appellate Division, First Department, in *Gotthelf* v. *Hillcrest Lumber Co.* (280 App. Div. 668), and of other Special Term decisions in this department, approving and disapproving, respectively, the use of mechanical recording devices on examinations before trial, it does not deem the same pertinent or controlling in the present instance.

The resumé of the testimony of the respective witnesses, the exhibits, and findings of fact made by respondent provide a sound basis for judicial review. The findings of respondent are neither arbitrary nor capricious. The record presented reveals a rational basis and warrant for the determination. Under the circumstances, the court may not substitute its judgment for that of the State Rent Administrator. (*Matter of Kaplan* v. *McGoldrick,* 279 App. Div. 615; *Matter of Mingoia* v. *McGoldrick,* 279 App. Div. 921; *Matter of Grodofsky* v. *McGoldrick,* 304 N. Y. 710; *Matter of Bromberg* v. *McGoldrick,* 281 App. Div. 1038; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70.)

The determination of respondent is confirmed and the proceeding dismissed, with $50 costs and disbursements. Settle final order on notice.