Deckelman, J.
Pursuant to an order granted at Special Term on May 13, 1955, one Jack Goodman, an officer of defendant corporation, Bonhomme Realty Co., Inc., appeared at the office of plaintiffs’ attorneys to submit to an examination before trial. He was accompanied by one of the attorneys for the defendants. No stenographer was present and Frank J. Williams, Jr., Esq.., one of the attorneys associated with the attorneys for the plaintiffs requested that Goodman he examined and his testimony taken by means of a mechanical recording device. After such witness was sworn he was advised by counsel not to answer the questions proposed to be recorded on said-mechanical device.
The plaintiffs now move for an order directing such witness ' to submit' to such examination, pursuant to the order, and that his testimony be taken by means of a mechanical recording device.
*120 The court has carefully considered arguments of counsel, both oral and as submitted by memorandum, and it is the opinion of the court that the parties are bound by the provisions of the Civil Practice Act and the Rules of Civil Practice concerning the taking of depositions before trial.
Rule 129 of the Rules of Civil Practice provides that the oral examination shall be conducted in the same manner as on the trial.
Section 302 of the- Civil Practice Act, so far as applicable here, provides that the deposition, when completed, must be read by, or carefully read to, the person examined and must be subscribed by such person.
The court has read the opinions in Gotthelf v. Hillercest Lbr. Co. (280 App. Div. 668); Gelman v. Pepper (205 Misc. 998) and also Matter of Hammond v. McGoldrich (207 Misc. 36).
This court will not attempt to pass upon the practical reliable or economical status of mechanical recording devices but knows of no statute or rule allowing the use of such equipment on the trial of eases in our courts. In this action the examination was to be held pursuant to an order of the court and in the absence of any direction in the order itself, or stipulation or agreement between the parties, the presumption is that such examination was to be conducted in the customary manner.
Motion denied, without costs.
Submit order.