L. Barron Hill, J.
On this motion to strike defendant’s answer for failure to appear and be examined before trial, the *773 defendant has consented to appear and be examined, providing the examination is taken by a competent shorthand reporter and not by a mechanical recording machine. Th e plaintiff asserts that he has a right to have the examination taken by a recording machine.
Thus far, there appears to be a division of opinion among the justices of this court who have passed upon the propriety of recording examinations before trial. In Gotthelf v. Hillcrest Lbr. Co. (280 App. Div. 668) a three-two majority of the First Department upheld the validity of the use of such machines: while in Gelman v. Pepper (205 Misc. 998) and in Dudley v. Bonhomme Realty Co. (1 Misc 2d 119) Special Term, in Kings and Albany Counties, respectively, denied the right to use recording machines in examinations before trial.
Although the “ box score ” appears to be three Justices for such use and four Justices opposed, I believe, like Justice Peck writing for the majority in Gotthelf v. Hillcrest Lbr. Co. (supra) that the courts must keep abreast of the times. Recording machines of various types are commonplace in today’s business world; they are used with increasing frequency by not only the larger law firms but also by the individual practitioners. Every objection that can be leveled at the use of a recording machine can be asserted against a stenographic transcript; e.g., both can be tampered with, both can be lost, mechanical mistakes and human mistakes can be made.
I do believe, however, that the person being examined has a right to have the transcript, mechanical or otherwise, reduced to writing so that he may make corrections, sign it and have it filed as is provided by law. I believe also that the person being examined should have the right to raise objection to the particular machine sought to be used to be passed upon at the time of the examination by Special Term.
Consequently, the motion is denied on condition defendant appear and be examined at Special Term, Part I, Supreme Court, Nassau County, Room 120D, County Courthouse, Mineóla, New York, at a time and date to be agreed upon or otherwise fixed in the order to be settled herein. The examination may be taken by a competent recording machine if plaintiff stipulates, in advance, to have the examination reduced to writing and submitted to defendant for his corrections and signing within 30 days of completion of the examination.
Settle order.