Arthur G-. Klein, J.
In this article 78 (Civ. Prac. Act) proceeding the landlord petitioner seeks an order annulling the determination of the respondent, State Rent Administrator, insofar as said determination, after remission by order of this court, granted the protest of the petitioner only to the extent of modifying the order of the local rent administrator and determined that the maximum rent for the subject apartment was $146.92 per month from November 1, 1955 and thereafter.
The petitioner is the owner of a building at 720 Fort Washington Avenue, New York City, containing 151 residential apartments subject to and controlled by the provisions of the State Residential Rent Law (L. 1946, ch. 274, as amd.). Apartment 3L, the housing accommodation involved herein, was occupied by the then tenant on and prior to November 1,1953 at the maximum rental of $120.75 per month.
The petitioner as landlord entered into a written lease with the said tenant for a period of two years, increasing the monthly rental for this apartment from $120.75 to $123.25. The landlord filed a report of lease with the local rent administrator, stating *299 that the maximum rent for the subject apartment was $123.25 per month for the period from November 1, 1953 to October 31, 1955, which increase admittedly is less than 15%. In November, 1953 the local rent administrator granted a further increase by reason of the installation of a new refrigerator, bringing the maximum rental for the subject apartment to $127.75 per month.
The then tenant vacated the apartment on February 25, 1955, prior to the expiration of the two-year period provided for in the aforesaid lease. On February 28, 1955 the petitioner, as landlord, entered into a written lease with a new tenant for the term of two years and eight months, commencing March 1, 1955 and ending October 31,1957 at a rental of $143.35 per month for eight months from March 1, 1955 to October 31, 1955, and at a monthly rental of $164.85, an increase of 15%, for the two-year period from November 1,1955 to October 31,1957. The said new tenant paid one month’s rent in advance but apparently never occupied the subject apartment. However, a report of the lease was filed with the local rent administrator. It was the return of the lease report which caused the initial inquiry in this matter. Thereafter, the petitioner as landlord entered into a written lease with the present tenant for the period from April 1, 1955 to October 31,1957, providing for a rental of $145.35 from April 1, 1955 through October 31,1955, and at a monthly rental of $166.80 for the remaining two years, representing a 15% increase plus $2 for a television antenna.
The local rent administrator by order dated August 30, 1955, determined the maximum rent for the subject apartment to be $143.35 as of March 1, 1955, but there is no reference in said order to the period following November 1, 1955.
The issue raised in this proceeding concerns the propriety of the Administrator’s determination that the maximum rent for the period beginning November 1,1955 is $146.92.
It appears that the tenant’s attorney on December 5, 1955 communicated with the office of the local rent administrator with respect to the maximum rent effective on and after November 1, 1955; that the local rent administrator had issued an order dated May 10, 1955, terminating the proceedings and annexed to said order was a letter from the local rent administrator dated December 22, 1955 explaining that the maximum rent for the subject apartment was $143.35 per month; that this order which was protested by the landlord was affirmed by the State Rent Administrator on September 13,1956.
The petitioner commenced a prior article 78 proceeding to review the said order of the Administrator. By reason of the ambiguity of the local administrator’s order dated August 30, *300 1955, Mr. Justice Gold on December 12, 1956, at the request of the Administrator remitted the proceeding for further consideration.
It further appears that the entire proceeding was considered de novo and as a result thereof, the protest was granted in part and the order of May 10, 1955 was modified to the extent that the maximum rent for the subject apartment was determined to be $143.35 per month for the period from March 1, 1955 to October 31,1955, and $146.92 per month from November 1, 1955 arid thereafter. It is this determination which petitioner attacks in the present proceeding, claiming that the established maximum rental for the housing accommodations herein is $164.85.
The petitioner contends that, having filed and approved the .report of lease submitted by the landlord, the local rent administrator was thereafter powerless to issue any order which, in effect, would invalidate the lease or the report or would fix a maximum rent different from the amount established by the lease and the approved report.
The acceptance by the local rent administrator of a lease report does not warrant the conclusion that the State Bent Commission has approved anything. The tenant’s attorney having lodged a protest claiming that the lease report indicated a rental in excess of the maximum allowable increase under section 33 (subd. 2) of the State Bent and Eviction Begulations, the Administrator properly initiated the proceeding to fix the maximum rent.
The most, important question presented for determination in this proceeding is the correctness of the ruling of the Administrator regarding the maximum allowable rent for the period from November 1,1955, and thereafter. The landlord’s attempt to obtain a 29% increase by means of a lease with a new tenant contravenes the statutory regulatory limitation of a.15% maximum rent increase for a two-year lease.
For the period from November 1, 1955 through October 31, 1957, the landlord was entitled by way of a lease which satisfied the requirements of subdivision 2 of section 33 of the regulations to increase the maximum rent to an amount not in excess of 115% of the maximum rent in effect immediately prior to the execution of the lease, that is, 115% of $127.75 which amounts to $146.92.
■ The case of Matter of Shernov v. Weaver (11 Misc 2d 793), cited by the petitioner, is not inconsistent with the respondent’s position here. In the present case, as in the Shernov case, the Administrator has permitted a second 15% increase. However, in accordance with the regulations in effect, such increases have *301 been limited to 15% above the maximum rentals in effect immediately prior to the execution of the lease.
The petitioner’s attempt in this proceeding to collect $164.85 per month despite the fact that the maximum rent in effect prior to the execution of the last lease was $127.75 and 115% of that amount is $146.92, is unjustified and contrary to the clear intent of the regulations.
The Administrator was obliged to review the facts and the law de novo upon remission of the proceeding by this court. On the record before the court it cannot be said that no reasonable basis appears upon which the Administrator could have reached his decision. The court may not substitute its judgment for that of the administrative body vested by statute with the exercise of discretion in carrying out the purposes of the emergency rent laws. Unless there is clear and compelling proof that the action of the Administrator is unreasonable, arbitrary and capricious, his determination must be upheld (Matter of Glintenkamp v. O’Connell, 271 App. Div. 795, affd. 296 N. Y. 806).
Application is denied and petition dismissed.