Alexander Del Gtorno, J.
Upon a motion previously granted to the claimant by Judge Squire of this court for an examination before trial of the State of New York, through its agents, servants or employees, the claimant’s attorney was prepared to proceed with the said examination with the aid of an Edison voice-writer machine. The Attorney-General has objected to the use of a recording machine, contending that it does not conform to the requirements of rule 129 of the Buies of Civil Practice.
The parties appeared before the court for its instruction regarding this controversy. The machine was produced and operated in chambers by the claimant’s attorney for the benefit of the court. It is a very compact machine, being in dimensions about 22 inches by 14 inches and about 2% inches in thickness. It employs paper thin disks 7 inches in diameter. The disks are made of celluloid composition, and will record a 15-minute conversation on either side. Part of the discussion with the court was recorded and immediately played back. For the recording of voices as well as the playing back of same, a sort of loudspeaker attachment is used. A button changes the machine from a recorder to a transmitter.
The claimant’s attorney asserted that the disk may not be erased, reused or tampered with. The court is satisfied that that is the fact, for any tampering or erasure would only destroy the discussion imprinted thereon. Furthermore, the disk is so thin that to try to do so would only destroy it. This disk costs only about 10 cents.
The court is fully satisfied that this machine is not only effective but is as tamper proof as anything could be.
The question now is whether, in spite of its competence, the use of such machine is within the law. That part of rule 129 of the Buies of Civil Practice, primarily applicable here, reads as follows: “ On the oral examination of a person whose testi *8 mony is to be taken by deposition, either within or without the state, the oral examination shall be conducted in the same manner as on the trial ’
One may properly ask, what is meant by ‘ ‘ the oral examination shall be conducted in the same manner as ón the trial ”? We must bear in mind that these rules are quite old. The last amendment to rule 129 was made in the year 1949. At that time, these electrical and electronic devices were not available, at least for general use. Did the Legislature then, mean that ‘ ‘ in the same manner ” involved an oral question and an oral answer, transcribed by one of those competent, patient human agents of the court, a shorthand or stenotype reporter, or did it merely mean that the witness during a trial had to be sworn, questioned orally, make his answer orally and such questions and answers to be recorded? To be recorded only by such reporter? — Not at all. To me it means: to be recorded faithfully, just as spoken, by the agent employed for such purpose. That agent could be a machine as the one described herein. To deny this concept is to assert that the Legislature accepted as sacrosanct only what then perhaps existed and never anticipated that the future might offer either some improvements or something just as efficacious for the purposes intended.
The Appellate Division, First Department, in Gotthelf v. Hillcrest Lbr. Co. (280 App. Div. 668, 669) has held: “ As we view the requirement of rule 129 of the Rules of Civil Practice, that an oral examination by deposition shall be conducted in the same manner as on a trial, that means the traditional question and answer form of examination shall be employed. It does not relate to the mechanics of recording the testimony, and certainly the provisions in section 290 et seq. of the Judiciary Law, relating to court stenographers, are not applicable to examinations before trial where court stenographers are not used.”
And further:
“ In view of the extended use of examinations before trial and the shortage of competent stenographers to take down testimony, it is understandable that members of the Bar should look for a practical, economical and reliable mechanical substitute. We understand that the use of recording machines is growing and have no doubt that they are a desirable innovation in this kind of proceeding. If any solid objection is made to any particular machine on any particular occasion, it can be passed upon by the court at Special Term.5 ’
On the other hand, in the case of Gelman v. Pepper (205 Misc. 998) Judge Moss, in the Second Department, held that the *9 plaintiff properly objected to the recording of his examination before trial by the use of a recording machine. He did not specify what type of machine was intended to be used. He praised highly the efficiency of such machines in the business world, and even in his own chambers for correspondence, but not for court reporting.
This court believes that no one would expect nor countenance the use of any machine to record the proceedings in a court proper. That would be objectionable not for lack of fidelity of reporting all that was said, but references back and forth to what was asked or answered would be confusing and distracting, and would necessarily require the use of a person to handle such chore. Therefore, if for no other reason but the smooth and dignified proceedings necessary in a court of law, it is more efficient, more convenient and more in proper taste to employ a court reporter in the courtroom.
To like effect, as in the Gelman decision, is the opinion of Judge Deckelman in the case of Dudley v. Bonhomme Realty Co. (1 Misc 2d 119) where he also denied the use of a recording machine on an examination before trial.
This court agrees wholeheartedly with the last two decisions where the reporting is in a court of law. However, that is not the issue here where we are concerned solely with an examination before trial.
In the April 10, 1958, issue of the New York Law Journal, in the case of Vogel v. Testa (p. 12, col. 5) Mr. Justice Hill, sitting in the Supreme Court, Nassau County, Tenth Judicial District, granted the motion for the use of an acceptable recording machine in an examination before trial, and quoted Gotthelf v. Hillcrest Lbr. Co. (supra) in substantiation of his decision.
This court, too, agrees that the recording machine mentioned above may be used for the examination before trial; and that the use thereof is in conformity with the requirements of rule 129. This consent, however, is given by the court on certain conditions to be stipulated before the examination, namely, that (1) the testimony shall be reduced to writing, submitted within 30 days to the Attorney-General and then corrected and approved by the witness examined, who shall then execute it; (2) upon trial, the recording disk may not be produced, used or offered in evidence; and (3) only the signed examination before trial may be used at the trial.
These conditions should be imposed for the reason that the use of such machine is for the benefit and convenience, financial or otherwise, of the attorney conducting the examination, and he should not be permitted to derive any undue benefits or *10 advantages therefrom except the transcription. We must guard against improper use of the recording machine. A real danger might arise if the record of the testimony were to be heard in court as, for example, against the signed examination before trial. Such examination may have been conducted in surroundings and under circumstances not necessarily exuding “ sweetness and light ”. There might have been feelings between the parties which cannot be controlled, as in a courtroom. The manner of the talk, the sound of voice, possible uncouth language, and a general attitude, which would be so dissimilar to that which would be observed in the refined and relaxed atmosphere of a courtroom, might very well be the basis of an unfavorable verdict. Thus, there could be a psychological discrediting of the witness even if his signed examination before trial be the complete truth.
Sooner or later, the Legislature will have to grapple with this problem. I trust it will be soon.
Submit order in accordance with this decision.