RICHARD BRADSHAW, an Infant, by His Guardian ad Litem, CHARLES BRADSHAW, Appellant, *v.* DONALD T. BEST, Respondent.

Third Department, December 30, 1958.

*Merle N. Fogg, Jr.,* for appellant.

*Donohue & Bohl (Howard C. Clayton, Jr.,* and *Paul F. Donohue* of counsel), for respondent.

**Per Curiam.** Plaintiff appeals from an order at Special Term which vacated a notice of examination before trial on the ground that the notice was defective insofar as it called for the taking of defendant's testimony by an electronic recording device.

The propriety of recording pretrial testimony in this manner remains an open question in this department. The use of recording devices has, however, been approved in the First Department, by a divided court (*Gotthelf* v. *Hillcrest Lbr. Co.,* 280 App. Div. 668), and, very recently, in the Second Department as well (*Catapano* v. *Shapiro,* 6 A D 2d 1054).

In our view, neither section 302 of the Civil Practice Act, providing that " the person or officer before whom the testimony is taken must take down or cause to be taken down every question and answer ", nor rule 129 of the Rules of Civil Practice, providing that " the oral examination shall be conducted in the same manner as on the trial ", contemplates the use of a recording device. We readily agree that no statutory or other regulatory language governing procedures of this nature should be considered rigid and inflexible, nor be regarded as immutable in the face of changing conditions and necessities. In the case of this procedural rule, however, we perceive neither

occasion nor necessity for importing to its language a meaning which its framers never contemplated, since it is so readily susceptible of prompt amendment, should amendment be found either necessary or desirable.

Respondent's brief refers to published complaints and adverse criticism following the use of recording devices in judicial proceedings and elsewhere. That these have some validity, in greater or less degree, seems likely. At any rate, they seem to us to require study and factual evaluation by the Legislature or the rule-making authority before general adoption of a new practice. Additionally, the necessity of imposing safeguards and conditions upon the use of recording machines, and of requiring some judicial supervision as well, seems to be recognized. (See, e.g., *Rubin* v. *State of New York,* 12 Misc 2d 6, 9–10; *Vogel* v. *Testa,* 11 Misc 2d 772, 773.) That necessity clearly requires that, in the interests of orderly procedure, such regulations be effected by statute or by rule uniform throughout the State.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Order affirmed, without costs.