Walter R. Hart, J.
Petitioner institutes this article 78 proceeding to review respondent’s determination which decreased the maximum rent of the subject apartment on landlord’s failure to comply with section 34 of the State Rent and Eviction Regulations.
The record shows that the Local Rent Administrator processed tenant’s two applications, and on landlord’s failure to (a) paint the apartment or in the alternative rebut the two-year painting presumption, and (b) substantiate the fact that the interior plumbing and other necessary repairs were made as she contended, the Local Rent Administrator issued his two orders and reduced the rent of the apartment. Petitioner’s protests on de novo consideration and review were thereafter denied by the State Rent Administrator.
The issue presented here is: Has there been a decrease in service to warrant the reductions of rent?
As to the painting, examination of the record discloses that petitioner refused to paint and failed to avail herself of the several opportunities afforded her (in writing) to come forward with books and records to rebut the two-year painting presumption. Such presumption relates to the painting practice in *843 multiple dwellings in the City of New York and was established by decisional law. (Matter of Pacford Realty Corp. v. Abrams, 141 N. Y. S. 2d 338, 340; Matter of 53 Factors Corp. v. Weaver, 20 Misc 2d 822; Matter of Kathy Realty Corp. v. McGoldrick, 281 App. Div. 850; Matter of Bersam Holding Corp. v. McGoldrick, 283 App. Div. 744.) It appears conceded that petitioner on obtaining a 15% increase in rent upon the execution of the two-year lease in December, 1948 did paint tenant’s apartment. It must, therefore, follow, since movant continued to accept the increased rent, her obligation to the tenant is obvious for the service of painting is included in the rent. Were there a contrary intention as petitioner contends, no written lease would have been necessary. Tenant’s plaint of deterioration of her apartment is supported by respondent’s finding of reduction in services as is evidenced by the urgent need for plumbing and other interior repairs, such as pipes leaking in bathroom and kitchen, malfunction of refrigerator and broken ceiling. This in spite of the Administrator’s finding that landlord’s registration statement as to the subject apartment filed October 25, 1945, “ indicates that interior repairs were included in the maximum rent.” It is settled law that the inclusion of a service in the maximum rent carries with it the obligation of its maintenance (Matter of Alas Realty Corp. v. Abrams, 3 A D 2d 842). Nor can we give credence to petitioner’s contention that the tenant agreed to make all repairs or pay for same as such provision appears in the lease (supra). The tenant’s waiver of benefits of rent regulations and statutes is unenforcible. Section 16 of the State Bent and Eviction Regulations of the Temporary State Housing Commission specifically forbids waivers of the benefit of the regulation and underlying statute (Morris v. Flint & Bradley, 277 App. Div. 1025, affg. 99 N. Y. S. 2d 126). Since it is not the tenant’s duty to make repairs it is proper for the Administrator to reduce the rent because of petitioner’s withdrawal of that service.
Movant’s contention that respondent’s determination was improper in that he failed to accord her a hearing is without merit. There is no authority which makes it mandatory upon the State Rent Administrator to grant such hearing. Occasions may arise where bona fide questions of fact may not be resolved without a hearing. However, whether or not a hearing should be granted is discretionary with the Administrator (Matter of Cohen v. McGoldrick, 198 Misc. 1036,1037). The record is devoid of any facts establishing the need for a hearing in order to arrive at a proper determination of the application before *844 respondent and the denial of the request for a hearing cannot' be said to be arbitrary or unreasonable. The court observes and it may be consoling to the landlord that she is not foreclosed from having the rent restored to its maximum. Petitioner may apply for an increase based upon the restoration of services after she makes the repairs or shows adequate attempts to do so and that tenant either refused to co-operate or permit the repairs and painting to be completed. Since there is ample basis in the record to support .the finding of the State Rent Administrator, the determination herein is not arbitrary or capricious and may not be disturbed. (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108.)
The application is accordingly denied and the petition dismissed.
Settle order on notice.