Samuel M. Gold, J.
This is an application pursuant to article 78 of the Civil Practice Act to review a determination of the State Bent Administrator. The decision affects the rent of an apartment in a building owned by the petitioner. The facts are not in dispute.
On February 1,1953, petitioner rented the apartment in question for a two-year period at $141.16 per month, an increase of 15% over the previous maximum rent. However, this lease, which was to run until January 31,1955, was abandoned in May, 1953. On May 13,1953, petitioner entered into a new lease with one Colonna, which provided a monthly rental of $141.16 from June 1, 1953 to January 31, 1955, and a monthly rental of $160 for the period February 1, 1955 to September 30, 1956. Petitioner filed a report of lease for both of the aforesaid rentals with the local rent office.
The tenant, Colonna, remained as a statutory tenant until May 31, 1959, when the apartment was rented to one Lyons on June 1, 1959, at $188 per month, which amount included a 15% increase and a $4-per-month rental raise for a new refrigerator. The petitioner’s report of this lease was filed on June 4, 1959. Thereafter, the Local Bent Administrator, on its own initiative, commenced a proceeding, under section 36 of the State Bent and Eviction Begulations of the Temporary State Housing Bent Commission, to review the maximum legal rent. On October 29, 1959, the Local Bent Administrator voided the report of lease, filed for the period of the Colonna tenancy, as violative of subdivision 2 of section 33 of the regulations; set the maximum legal rent as of June 1, 1959 at $141.16; allowed a 15% increase and an increase of $4 for the new refrigerator to a total of $166.33 per month for the current tenancy; and directed petitioner to make refunds for rents collected in excess of the maximum rent established, for a period not in excess of two years prior to the issuance of the order. This determination was affirmed by the State Bent Administrator, the respondent herein, on March 14, 1960, and petitioner thereupon commenced the present proceeding against the Administrator’s decision.
Petitioner in its papers admits a technical violation of subdivision 2 of section 33 of the regulations in that it erred when it did not provide a minimum two-year lease for the $160 monthly rental period. Nevertheless, petitioner contends that section 36 of the regulations should not have been applied for a maximum legal rent determination; since the Colonna tenancy ran until May 31,1959, any technical error should be overlooked ; and by accepting the report of lease for filing, the local rent office approved it or misled petitioner into so believing. Fur *376 ther, petitioner charges that respondent’s acts, in holding petitioner, to its detriment, to a technical error, are arbitrary, illegal, capricious and unreasonable.
The provisions of subdivision 2 of section 33 of the regulations, in effect when petitioner filed the Colonna report of lease, are clear in their application to the case here presented. This report of lease, filed in May, 1953, violated the provisions of that section in two distinct and separate respects. First, at that time, there was a requirement that a minimum of two years of the prior lease period, or the prior two-year lease itself, had to expire before a new lease, providing for a 15% increase could be entered into by the parties. It is interesting to note that in 1956, this provision was liberalized to provide for the execution of a new lease after a 12-month expiration period. Nevertheless, here, petitioner filed a new lease with an additional increase of almost 15% only three months after the prior increased lease had been executed. The regulations then in effect did not permit petitioner to enter into a new lease with another tenant for the unexpired portion of an existing lease term plus an additional 20 months at a rental increase. Secondly, the term of a new lease which includes an annual increase must be for a two-year period. Here that portion of the report of lease, admittedly erroneous, called for only a 20-month term. This court, will not determine when a ‘ ‘ technical ’ ’ violation is not a violation, as petitioner suggests. Suffice it to say, that one of two violations of subdivision 2 of section 33 of the regulations has been admitted, and this court will not say that the actions of the respondent have been arbitrary and capricious, merely because he has seen fit to enforce the aforesaid violations. “ The courts may not overturn determinations made by the State Bent Administrator unless they have been made without substantial evidence to support them or are arbitrary and capricious.” (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1, 3.)
Moreover, section 36 of the regulations specifically provides that the Administrator may, on his own initiative, determine a maximum rent where it is in dispute, in dotibt, or unknown. The Administrator’s directive, as to petitioner refunding excess rents collected, was also in conformance with that section.
Finally, this court cannot agree with petitioner’s contention that, by the acceptance of a report of lease for filing by the Local Bent Administrator, the Bent Commission has waived any rights to invalidate the lease or to fix different maximum rents (Matter of Ft. Tryon Gardens v. Weaver, 11 Misc 2d 297). A valid 15% increase takes effect automatically and needs no *377 commission approval. An invalid increase never takes effect legally and may be disapproved by the commission at any time.
On all the facts presented, the actions of the respondent were neither arbitrary, illegal, capricious nor unreasonable, and the motion is denied and the petition dismissed.