Jacob Markowitz, J.
Landlord brings this article 78 proceeding to review respondent’s determination as to the maximum rental of subject apartment. On May 28, 1958, landlord and the prior tenant of said apartment entered into a two-year lease running from June 1, 1958 to May 31, 1960. The terms of said lease provided that until September 1, 1959, the rent would be $135.85 per month and that, thereafter, it would be increased 15% to $156.23 per month. The report of said lease was not filed with the Rent Commission, however, until July, 1959, when landlord presumably discovered that the prior tenant contemplated moving in August, 1959. Thereafter, the present tenant moved in on August 12, 1959, and signed a lease running from September 1, 1959 to May 31, 1962. That lease provided for a rental of $156.25 per month through May 31, 1960, and for a further 15% increase to $179.66 per month for the remaining two years thereof. The second report of lease was filed by the landlord on October 16,1959. Some months thereafter, respondent’s local office commenced a proceeding, pursuant to section 36 of the State Rent and Eviction Regulations, to determine the *248 maximum rent of subject apartment. The proceeding terminated in respondent’s decision to reject the first lease of the prior tenant, which never effectually increased the maximum rental, and to use the present lease to fix the said rent, allowing, however, only one 15% increase instead of the two provided for therein (State Bent and Eviction Begulations, § S3). That determination, upheld by respondent on protest, is the subject of the instant application.
It is to be noted that, merely because a report of lease is initially accepted for filing, this does not mean that the Administrator may not later invalidate or void same for good cause shown (Matter of Wolgor Realty Corp. v. Herman, 25 Misc 2d 374, affd. 11 A D 2d 935; Matter of Fort Tryon Gardens v. Weaver, 11 Misc 2d 297). It is obvious that the maximum rent — in effect at the time of the signing of the second lease — was only $135.85 per month, the 15% increase not having taken place or even being contemplated until September 1, 1959. Nor had the prior tenant ever paid such increased rental before removing from the said apartment. The mere signing of a lease, which envisions some increased rental in futuro, cannot act to effectuate automatically and instantly such increase. Such was clearly not the intention of the parties (see United Operating Corp v. Weaver, N. Y. L. J., Jan. 20,1958, p. 6, col. 6). Accordingly, the increase permitted the landlord by respondent for the lease with the present tenant was properly 15% above the original $135.85 monthly rental. The petition is dismissed.