**A. L. GALLEY, Plaintiff,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.
May 18, 1962.

William McKelvey, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, James S. Rowen, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion to direct the defendant to submit its employees to depositions to be taken by a tape recorder.

It appears that the deposition of the defendant was noticed to be taken by the Assistant Personnel Director of the Dining Car Department and by the Personnel Director of the Dining Car Department, and by another employee. Subpoenas were served upon the persons whose depositions were noticed, and subpoena fees paid. The moving party seemed to be a little confused as to whether he was taking the deposition of the defendant through these individuals, or taking the depositions of the individuals as witnesses. When the witnesses appeared for the taking of the depositions, the moving party sought to have the depositions recorded by tape recorder rather than by a stenographer. The defendant refused to proceed in this manner and the issue has now been submitted to the Court.

Rule 30(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., states, with reference to depositions, that

"* * * The testimony shall be taken stenographically and transcribed unless the parties agree otherwise."

Testimony taken by a tape recorder is not taken stenographically. Failure to have a stenographer record the deposition would therefore not be a compliance with the rule. The defendant was justified in refusing to proceed unless the deposition was taken in accordance with the rule.

It has been pointed out that the New York courts have allowed examinations before trial to be taken by tape recorder rather than by stenographers. Gotthelf v. Hillcrest Lumber Co., 280 App.Div. 668, 116 N.Y.S.2d 873 (1st Dep't 1952);

Catapano v. Shapiro, 6 A.D.2d 1054, 179 N.Y.S.2d 458 (2d Dep't 1958). The New York courts, however, were not bound by any specific rule such as exists in the instant case. This Court has no power to change the provisions of the Rules of Civil Procedure. Whether the rule should be amended to allow recording devices to be used in connection with the taking of depositions is a matter of policy which cannot be decided by this Court. The Court is bound by the rule.

The Court therefore directs that the deposition to be taken shall be recorded stenographically, in accordance with the rule, or otherwise shall not be taken.

The moving party has failed to establish that the three individuals subpoenaed by him were officers or managing agents of the defendant. Plaintiff had the right to take the depositions of these individuals as witnesses and as such they were entitled to receive subpoena fees. So ordered.