Louis B. Heller, J.
Petitioning landlords institute this article 78 proceeding to review respondent’s determination denying their protest and affirming the order of the Local Bent Administrator which established maximum rents of three apartments in movants ’ six-family building pursuant to section 36 of the Bent Eviction and Behabilitation Begulations of the City of New York.
Examination of the record shows that these proceedings were initially commenced upon the complaint of the tenant occupying apartment 1-left who contended the owners forced the tenants to sign leases at increased monthly rentals, albeit tenants actually continued to pay a lower rent.
The investigation by the Bent Administrator which followed, included a conference at which the tenants appeared and filed statements of violations. Petitioners, although afforded an opportunity to appear with all pertinent records especially as to “ leases,” failed to do so. Bespondent from the evidence and proof presented found that the leases were not voluntarily executed, were indeed made in bad faith so that the registered maximum rent in the subject housing accommodations would be abnormally increased in violation of section 33.2 of the Bent Begulations.
Movants’ contention that the filing of the reports of lease was all that was required to effectuate the increases in rent, and that the Administrator was thereafter powerless to issue any order which, in effect, would invalidate the lease or fix a maximum rent other than that specified in the report of lease, is wholly without merit. It has been repeatedly held that the acceptance for filing of a report of lease does not mean that the Bent Administrator may not later, for good cause shown, invalidate or void the same (Matter of Lichter v. Herman, 33 Misc 2d 247; Matter of Wolgor Realty Corp. v. Herman, 25 Misc 2d 374 [and cases therein cited]). Clearly ‘ The acceptance by the local rent administrator of a lease report does not warrant the conclusion that the State Bent Commission has approved anything” (Matter of Ft. Tryon Gardens v. Weaver, 11 Misc 2d 297, 300).
The Appellate Division of this Department has stated in Matter of Marida Holding Co. v. Weaver (4 A D 2d 693): “ A landlord is not entitled to a rent increase by the mere showing of a voluntary written agreement between the landlord and the tenant, and by a showing that the agreement was not obtained by force or fraud. The Administrator’s duties and responsibili *112 ties under the rent law are to limit unwarranted increases and to resist improper increases which are inconsistent with the purposes of the rent law.”
The rent structure is only so strong as the foundation upon which it is erected. If the structure is founded upon “bad faith ” (forced or involuntary leases), the entire rental edifice, not being properly based, must of necessity crumble when tested. Here the results of the Bent Administrator’s meticulous and exhaustive investigation caused a factual finding to be made that the conduct of these owners was to initiate a practice in an effort to evade the pertinent statute and regulations. As to the owners ’ contention that no ‘ ‘ proper hearing was granted landlords ”, the record fully indicates that movants failed to avail themselves of the several opportunities afforded them to be heard, even though there is no requirement making it mandatory for the Administrator to grant such hearing, since it is merely permissive in nature and subject to the Bent Administrator’s discretion as to whether or not a hearing should be granted (Matter of Cohen v. McGoldrick, 198 Misc. 1036, 1037).
Where there is a basis in fact and law for the determination of the Administrator it should not be disturbed. The court is satisfied that there is substantial evidence in the record to support the determination made (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1; Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104).
The application is accordingly denied and the petition dismissed.