**UNITED STATES STEEL CORP.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 65 Civil 3043.**

United States District Court
S. D. New York.

Jan. 26, 1968.

White & Case, New York City, for plaintiff, Haliburton Fales, 2d, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for defendant, Laurence Vogel, Samuel M. Eisenstat, Asst. U. S. Attys., of counsel.

OPINION

LEVET, District Judge.

Defendant here moves for two-fold relief in this action for recovery of income taxes: (1) Deferral of plaintiff's deposition of its witness, one Stephen M. Jenks, until plaintiff has answered certain interrogatories addressed to it by defendant; (2) Preclusion of plaintiff's use of a video tape recorder system at the deposition of Jenks.

## I.

## THE DEPOSITION QUESTION

Plaintiff noticed a deposition of its own witness, one Stephen M. Jenks, for January 15, 1968. Prior thereto and on October 24, 1967, defendant had served certain somewhat extensive interrogatories upon plaintiff's attorneys. The plaintiff has served two sets of partial answers to these interrogatories; the first on or about January 4, 1968 (filed January 5, 1968) and the second on January 8, 1968 (filed January 9, 1968); the first purported to answer question 27 and the second, questions 16, 18, 23, 27 and 29. A large and substantial number of questions remain unanswered. No objections to the interrogatories were interposed except that the time in which plaintiff may object to the defendant's preliminary interrogatories on the limited ground that the burden imposed upon it in furnishing the answers to the interrogatories may be excessively onerous, was extended to February 15, 1968.

Defendant points out that the instant action is a claim, among other things, for return of payments by plaintiff of Korean War Excess Profits Tax and that, although there is only one taxable year in issue, to wit 1950, the plaintiff's claim rests upon a showing that the years 1947, 1948 and 1949 (the base period years) were unusual years in its history.

Further, defendant contends that to defend its position its counsel must become familiar with all phases of plaintiff's operation for a period of approximately fifteen years and that this information is almost exclusively within the possession of the plaintiff. Defendant insists that the answers to its interrogatories are essential to permit its counsel to intelligently cross-examine Jenks.

Defendant intimates that plaintiff, in the event that Jenks (now 68 years of age) dies or becomes ill before cross-examination, will still offer Jenks' direct testimony and that perhaps it might be admissible and thus prejudice defendant.

At the request of the court, counsel for plaintiff submitted a statement of the items on which it would depose Jenks (see "Notice of Subject Matter of Deposition of Stephen M. Jenks," dated January 15, 1968). This statement includes the following matters:

(1) Operation of blast furnaces, etc. by plaintiff in the period from 1940 to 1953;

(2) Steel-making facilities of plaintiff in the period from 1941–1953;

(3) Description of plaintiff's record as to blast furnace intake and outgo;

(4) Discussion of production associated with capacity and quality of materials entering blast furnaces in the period 1941–1953;

(5) Chemical analysis of coke, iron ore and sinter produced by plaintiff in the period 1949–1953 and certain other allied subjects.

I have examined the defendant's interrogatories above mentioned and I find that many of these items relate to the items on which Jenks would be examined upon his deposition. Consequently, defendant's arguments for deferral have merit in spite of the fact that plaintiff claims defendant already has "virtually all the statistical information upon which Mr. Jenks' testimony will be based" (see p. 5 of plaintiff's memorandum of January 11, 1968). Obviously, if this be so, it may be that plaintiff's deposition of Jenks would be largely a matter of expert opinion. Apparently, the principal and perhaps the sole purpose of the deposition is to preserve the testimony in the event that the witness should not be available at the time of trial. No proof of any unusual reason is submitted; nor does it appear that Jenks is plaintiff's only witness familiar with the items on which deposition is sought. Little reason for speed at this time seems present except, at most, for the ostensible factor

of uncertainty of Mr. Jenks' life, however with no proof that he is an indispensable witness.

Although, no doubt, it is premature at this time to determine the admissibility of a truncated deposition, since (a) the contents of the deposition remain uncertain, and (b) the circumstances of any elimination of cross-examination are not known, it may well be questioned if direct testimony, absent cross-examination, would be fairly admissible.

It may be that under special circumstances in limited situations federal courts have admitted such partial depositions. See Inland Bonding Co. v. Mainland Bank of Pleasantville, 3 F.R.D. 438 (D.N.J.1944); Derewecki v. Pennsylvania Railroad Company, 36 F.R.D. 195 (W.D.Pa.1964), aff'd, 353 F.2d 436 (3rd Cir. 1965).

However, in Inland, supra, counsel stipulated that "the deposition 'may be used for all purposes by any of the parties, as set forth in the Federal Rules of Civil Procedure, notwithstanding failure on the part of any of the parties to fully comply with the formalities prescribed by said rules in the taking of such deposition'" and counsel *both agreed* to adjourn the deposition to a subsequent date because of the witness' "present ill health" (p. 438 of 3 F.R.D.).

Likewise, in Derewecki, supra, which was a F.E.L.A. case, counsel, at the employee's deposition, entered their stipulation "to the effect that the first deposition, which was adjourned to a future date, 'be and is hereby considered to be the final deposition of plaintiff and that defendant is satisfied that no further deposition is required of the plaintiff and same is to be treated as complete' * * *." (36 F.R.D. p. 197) There, the entire action seems to have depended on the employee's testimony and it appears that defendant in effect consented to termination of the deposition. Headnote 1 in the Appellate decision distinctly indicates waiver.

In my judgment, the expression in Inland, supra, stating, "Strictly speaking, testimony such as this might be considered objectionable, but it cannot harm the defendants if it is admitted for what it is worth and the jury instructed accordingly, whereas to deny its admissibility might endanger the plaintiff's position in a case of this nature" (p. 439 of 3 F.R.D.), is actually obiter dictum rather than the decisional basis to be followed.

In New York State the rule would seem to be probably adverse to the admission of such incomplete deposition testimony. People v. Cole, 43 N.Y. 508 (1871), which appears to have overruled Forrest v. Kissam, 25 Wend. 651, 652 (1844). See also Matter of Mezger, 154 Misc. 633, 278 N.Y.S. 669 (Sur.Ct., Monroe County, 1935) and cases cited therein.

Wigmore comments as follows:

" * * * where the death or illness prevents cross-examination under such circumstances that *no responsibility* of any sort can be attributed to either the witness or his party, it seems harsh measure to strike out all that has been obtained on the direct examination. Principle requires in strictness nothing less. But the true solution would be to avoid any inflexible rule, and to leave it to the trial judge to admit the direct examination so far as the loss of cross-examination can be shown to him to be not in that instance a material loss. [Footnote omitted] Courts differ in their treatment of this difficult situation; [footnote omitted] except that, by general concession, a cross-examination begun but unfinished suffices if its purposes have been substantially accomplished." (V, Wigmore on Evidence, Third Edition, § 1390, pp. 110–111)

Jones, Law of Evidence, states:

"§ 717.—Deprivation of Right of Cross-Examination.—The Court properly may grant an application to suppress a deposition where it appears that the moving party has been

**450**

deprived of his right to cross-examine the witness by reason of misconduct of the witness or of the opposite party, or because of sickness or death of the witness.[7] If, however, the cross-examination was postponed by consent of the parties and the objecting party has lost the right to cross-examine by reason of the latter's death, there is no ground for suppression.[8] * * * "

"7. Hewlett v Wood, 67 N.Y. 394; Forrest v Kissam, 7 Hill (NY) 463, 464. See also, City of Chadron v. Glover, 43 Neb. 732, 62 N.W. 62.

"8. Forrest v Kissam, 7 Hill (NY) 464.

"As illustrative of loss of cross-examination by parties' own fault, see City of Chadron v. Glover, 43 Neb. 732, 62 N.W. 62."

(Jones, Law of Evidence, 5th Edition, Vol. 3, pp. 1346–47)

There is some precedent for staying the plaintiff's deposition until the interrogatories have been answered. For example, se Dublin Distributors, Inc. v. Brewing Corporation of America, 8 F.R.D. 236 (S.D.N.Y.1948). Furthermore, from the facts and circumstances hereinbefore stated, there is considerable merit in such a disposition. On the other hand, there may be some hazard in delaying the deposition.

■ Considering all the interrelated factors of this situation, I conclude that this phase of defendant's motion—that is, to stay the deposition of Jenks until plaintiff has fully answered defendant's interrogatories—is denied except as hereinafter provided:

(1) The direct examination shall proceed at a date and upon terms to be fixed in the order hereon;

(2) The defendant at the earliest opportunity thereafter is to proceed with cross-examination of Jenks;

(3) In the event that at any time during the said cross-examination it appears to defendant that it is necessary to secure the answers to the above-mentioned interrogatories before further cross-examination, the defendant may apply to this court for a stay of the balance of the said cross-examination pending receipt of answers from plaintiff to the said interrogatories.

## II.

## THE QUESTION OF USE OF A VIDEO TAPE RECORDER

Plaintiff's notice to take the deposition of Stephen M. Jenks states in part:

"PLEASE TAKE FURTHER NOTICE that said testimony will be taken in a room equipped with closed circuit television cameras capable of recording the testimony on an electronic tape. You are invited to inspect the television equipment before the commencement of the session, to have an observer or observers present, and to supervise the technical operation of the television camera and recording equipment.

"PLEASE TAKE FURTHER NOTICE that the television tapes recording the examination will be turned over forthwith in your presence to the officer authorized to take depositions before whom said deposition on oral examination is taken.

"PLEASE TAKE FURTHER NOTICE that said examination will be recorded stenographically in the usual course by the officer authorized to take depositions."

The defendant objects to the use of such electronic tape or video tape recorder and moves to preclude such procedure.

The pertinent portion of Rule 30(c) of the Federal Rules of Civil Procedure is as follows:

" * * * The testimony shall be taken stenographically and transcribed unless the parties agree otherwise. * * * "

■ It is elementary that in the absence of agreement between the parties

an oral deposition must be taken in compliance with rules. Boiczuk v. Baltimore & Ohio, 5 F.R.D. 18 (S.D.N.Y. 1944); Spaeth v. Warner Brothers Pictures, 1 F.R.D. 729 (S.D.N.Y.1941).

There is no provision in Rule 30(c) for use of a tape recorder or video tape recorder. The deposition must be recorded stenographically and transcribed unless the parties agree otherwise. Galley v. The Pennsylvania Railroad Company, 30 F.R.D. 556 (S.D.N.Y.1962). Cf. the New York State decisions in Bradshaw v. Best, 7 A.D.2d 136, 180 N.Y.S.2d 951 (3rd Dept. 1958); Dudley v. Bonhomme Realty Co. Inc., 1 Misc.2d 119, 149 N.Y.S.2d 684 (Sup. Ct., Spec. Term, Albany Co., 1956).

In Bradshaw, supra, the court aptly stated:

" * * * We readily agree that no statutory or other regulatory language governing procedures of this nature should be considered rigid and inflexible, nor be regarded as immutable in the face of changing conditions and necessities. In the case of this procedural rule, however, we perceive neither occasion nor necessity for importing to its language a meaning which its framers never contemplated, since it is so readily susceptible of prompt amendment, should amendment be found either necessary or desirable." 7 A.D.2d at 136-137, 180 N.Y.S.2d at 952.

In Dudley, supra, Judge Deckelman appropriately wrote:

"This court will not attempt to pass upon the practical reliable or economical status of mechanical recording devices but knows of no statute or rule allowing the use of such equipment on the trial of cases in our Courts. * * * " 1 Misc.2d at 120, 149 N.Y.S.2d at 685.

I agree with the position expressed in those opinions, and not with the contrary views stated in Gotthelf v. Hillcrest Lumber Co., 280 App.Div. 668, 116 N.Y. S.2d 873 (1st Dept. 1952) (3-2 decision) and Rubin v. State of New York, 12 Misc.2d 6, 174 N.Y.S.2d 755 (Ct.Cl.1958). In any event, these New York decisions cannot alter the rules of discovery in the federal courts. As Judge Dawson noted in Galley, supra:

" * * * The New York courts, however, were not bound by any specific rule such as exists in the instant case. This Court has no power to change the provisions of the Rules of Civil Procedure. Whether the rule should be amended to allow recording devices to be used in connection with the taking of depositions is a matter of policy which cannot be decided by this Court. The Court is bound by the rule." 30 F.R.D. at 557.

No useful purpose would be served by a discussion of the advantages or disadvantages of the use of a video tape recorder at this time. This court has no power to change the rules. Neither are any proposals with respect to proposed amendments to the Rules of Civil Procedure pertinent. The present Rules control presently-taken depositions. Actually nothing in the proposed rules authorizes the use of a video tape recorder.

Unless the statutes so provide or the parties consent, there is no authorization for the use of a video tape recorder either at trial or at a deposition in the federal courts.

Motion of defendant to preclude the use of a video tape recorder at the said deposition is granted.

Settle order on notice.