## LEONARD C. FULLER *vs.* JAMES M. RICE.

Where the testimony is substantially complete, a deposition, duly signed and certified, is
not to be rejected because the cross examination was unfinished, in consequence of the
sickness or death of the witness.

A debtor, retaining in his hands funds for which he has been charged as trustee of his
creditor, is liable therefor to the creditor after the time, within which *scire facias* could
be commenced against him on the judgment in the trustee process, has expired.  And
if that time expire pending exceptions taken by him to a judgment in favor of the cred‑
itor in an action to recover such funds, judgment will be entered on the verdict.

ACTION OF CONTRACT to recover a balance found due to the
plaintiff on the parties accounting together.  Trial in the court
of common pleas at December term 1853, before *Mellen,* J.

The plaintiff offered in evidence a deposition, duly signed by
the deponent, and certified by the magistrate before whom it
was taken, which was objected to by the defendant, on the

ground that, as appeared on the face thereof, the cross exam-
ination was not finished, the deponent having refused to answer
the nineteenth cross interrogatory (which only asked for a more
particular statement of facts to which the witness had testified)
in consequence of severe sickness, of which he soon afterwards
died.   The plaintiff then called a witness who testified that he
was counsel for the plaintiff at the taking of said deposition;
that the deponent was at the time in feeble health; and that he
understood from the defendant's counsel that the interrogatory
which the deponent declined to answer was the last which he
proposed to put.   The judge admitted the deposition.

The defendant then proved that he had been summoned as
the trustee of Fuller in foreign attachment, and had been
charged on his answer to that process, and allowed to retain his
costs, and, upon demand duly made, had paid over the balance
in his hands in part satisfaction of the execution, retaining a
sum for his costs; and that the judgment in that action was still
in force and unsatisfied.   It appeared that the amount so re-
tained by the defendant exceeded the amount to which he was
entitled for his costs; and the judge instructed the jury that the
plaintiff was entitled to a verdict for the difference.   The jury
returned a verdict accordingly, and the defendant alleged ex-
ceptions.

This case was argued and decided at October term 1854.

*F. H. Dewey*, for the defendant.   1. The defendant had the
right to cross examine the deponent fully; and as the cross ex-
amination was not finished, the deposition should not have been
admitted.   1 Greenl. Ev. § 445.   Rev. Sts. *c.* 94, §§ 15, 23.

2. The judgment in the trustee process being still in force
and unsatisfied, the defendant may be held liable on *scire facias*
to the plaintiff in that action for the amount wrongfully retained,
and cannot therefore be held liable for it in this action.

*N. Wood*, for the plaintiff, to the point of the admissibility of
the deposition, cited *Savage* v. *Birckhead*, 20 Pick. 167; *Reed*
v. *Boardman*, 20 Pick. 441; *Lee* v. *Thorndike*, 2 Met. 313; *Am-
herst Bank* v. *Conkey*, 4 Met. 459; *Lumley* v. *Gye*, 3 El. & Bl,
114.

SHAW, C. J. The deposition was rightly admitted under the circumstances. No general rule can be laid down in respect to unfinished testimony. If substantially complete, and the witness is prevented by sickness or death from finishing his testimony, whether *viva voce* or by deposition, it ought not to be rejected, but submitted to the jury with such observations as the particular circumstances may require. But if not so advanced as to be substantially complete, it must be rejected.

The possibility of being liable in *scire facias* on the judgment in the trustee process would have warranted the defendant in moving for a continuance of the present case; but the two years after the rendition of the judgment, within which the *scire facias* must, by *St.* 1846, *c.* 40, be served upon him, having now elapsed, the opinion of the court is that judgment be entered on the verdict for the plaintiff. *Exceptions overruled*