Genevieve **DEREWECKI**, Administratrix of the Estate of Joseph W. Derewecki, Deceased

v.

The **PENNSYLVANIA RAILROAD COMPANY**, a Corporation, Appellant.

No. 15181.

United States Court of Appeals Third Circuit.

Argued May 20, 1965.

Decided Dec. 1, 1965.

Hubert I. Teitelbaum, Pittsburgh, Pa. (Martin M. Sheinman, Morris, Safier & Teitelbaum, Pittsburgh, Pa., on the brief), for appellant.

Louis C. Glasso, Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and STALEY and GANEY, Circuit Judges.

BIGGS, Chief Judge.

The case was tried to a jury and resulted in a verdict in favor of the administratrix. The defendant-appellant, The Pennsylvania Railroad Company, in substance moved for judgment in its favor or in the alternative for a new trial. This was denied by the court, 36 F.R.D. 195 (W.D.Pa.1964), and the appeal at bar followed.

The interesting question raised by this appeal is whether the court below erred in admitting into evidence at the trial of this negligence case depositions taken by the Railroad pursuant to Rule 26(a), Fed.R.Civ.Proc., 28 U.S.C. The taking of the depositions was not completed due to the illness and death of the deposing witness, Joseph W. Derewecki, the plaintiff's husband and the original plaintiff in the case at bar. The present plaintiff, Mrs. Derewecki, now the administratrix of her husband's estate, offered the depositions in evidence at the trial and the court below received them in evidence over the objections of the Railroad as stated hereinafter.

Briefly put, the circumstances are as follows: Joseph W. Derewecki brought the suit at bar against his employer, the Railroad, under Section 51 of the Federal Employers' Liability Act, 45 U.S.C.A., but died before the action was tried. By order of the trial court his wife as administratrix of his estate was substituted as plaintiff and continued the action pursuant to Section 59 of the Act, 45 U.S. C.A. Following Derewecki's death the complaint was amended to include a claim based on Section 51 of the Act asserted by the plaintiff for herself as Derewecki's widow and for the Dereweckis' two children, both minors. The complaint alleges that on March 14, 1961, due to the Railroad's negligence Derewecki was injured in the course of his employment in the appellant's yard at Mingo Junction, Ohio. The alleged injury occurred when Derewecki was moving a truck assembly which, he contended, began to roll back upon him. The complaint asserts that he attempted to hold the truck in position and that the re-

sulting strain caused him to suffer a coronary thrombosis and a myocardial infarction of which he died.

The Railroad, apparently having no record of any accident to Derewecki prior to the service upon it of the complaint in the case at bar, began to take a pretrial oral deposition from Derewecki on April 12, 1963, pursuant to Rule 26(a). This was interrupted by a sudden attack of illness suffered by Derewecki allegedly brought about by the accident, and the further taking of the deposition was adjourned to a "future date." The parties then stipulated that the deposition commenced to be taken on April 12th should "be and [it] is hereby considered to be the final deposition of plaintiff and that defendant is satisfied that no further deposition is required of the plaintiff and * * * [it] is to be treated as completed." This stipulation was filed on July 26, 1963 but was not approved by the court. The effect of this stipulation will be discussed at a later point in this opinion.

Subsequently, at a pretrial conference, on December 16, 1963, after some discussion off the record, the court stated: "The parties will be bound by all pleadings heretofore filed.", and later that: "[I]f there is any desire to interrogate him [Derewecki] at his home for further deposition, there is no objection by Mr. Glasso." [1] On January 8, 1964, the Railroad attempted to take a second deposition from Derewecki or to continue the first. [2] The testimony elicited by the second deposition or continuation of the first deposition supplied a more detailed explanation of the alleged accident than did the first deposition but the proceed-

ings lasted for only about fifteen minutes when they were interrupted again by another attack suffered by Derewecki. He died that day without further testimony being elicited from him.

Both depositions were admitted at the trial. Their contents constituted the sole direct evidence as to how and why the accident occurred. For closely analogous situations see Richmond v. Brooks, 227 F.2d 490 (2 Cir. 1955); Van Sciver v. Rothensies, 122 F.2d 697, 699 (3 Cir. 1941) (dictum); Fed.R.Civ.Proc. 26(d) (3), 28 U.S.C. See also Community Counselling Service, Inc. v. Reilly, 317 F.2d 239 (4 Cir. 1963).

The Railroad objected to the admission of the depositions on the ground that they had not been completed and that it did not have the opportunity to exercise its "right" to cross-examine Derewecki.

Before disposing of the issues specifically raised by the Railroad a preliminary matter requires discussion. Rule 26(a) provides that "Any party may take the testimony of any person, including a party, by deposition upon oral examination * * * for the purpose of discovery or for use as evidence in the action * * *", but Rule 26(d) (3) states that "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, that the witness is dead * * *."

It can be and was argued before the court below by the Railroad that the depositions under discussion were taken by it for the purpose of discovery rather than for use as evidence at the trial, but the notice of the taking of the first deposition, filed April 1, 1963, does not state its purpose. [3] The first page of the first

---

1. Louis C. Glasso, Esquire, was then counsel for Derewecki, and is now counsel for the Administratrix.

2. It seems immaterial whether the proceedings to take the deposition of Derewicki be treated as attempts to take two separate depositions or only one. For the sake of clarity, we will treat the attempts as separate, viz.: the proceedings of April 12, 1963 as the first deposition, and the proceedings of January 8, 1964 as the second deposition.

3. The notice is as follows: "Notice of Taking Deposition Upon Oral Examination. To: Louis C. Glasso, Attorney for Joseph W. Derewecki, Plaintiff. Please take notice that the defendant, The Pennsylvania Railroad Company, a corporation, will take the testimony, on oral examination, of Joseph W. Derewecki, plaintiff, whose address is Box 15, West 48th Street, Shadyside, Ohio, before a Notary Public in and for the County of Allegheny, on the 12th day of April, 1963, at 10:00 A.M.,

deposition, obviously prepared by the court reporter, perhaps at the direction of counsel for the Railroad, states that Derewecki was called "for adverse party examination pursuant to the Federal Rules of Civil Procedure." The notice of the taking of the second deposition, filed January 2, 1964, is substantially similar in its terms to the notice of the first deposition and need not be repeated here. See n. 3, supra. But the first page of the second deposition, obviously written by the court reporter, a different reporter than he who took the first deposition, and again perhaps pursuant to the direction of counsel for the Railroad, states: "Continued deposition of Joseph Derewecki, Plaintiff herein, called by the defendant pursuant to the Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions for the purpose of discovery, and for use at trial * * *."

It should be pointed out, however, that counsel for the Railroad in his summary of facts at the time of the argument over the admission of the depositions during the trial stated to the court that "The deposition was taken solely for the purpose of discovery, although Rule 26 does permit deposition for two purposes or for a mixed purpose." Counsel for Mrs. Derewecki did not object to this statement. The court below in admitting the deposition stated that the "[R]uling will be that the circumstances of this case require that we admit the deposition as though it had been taken for the perpetuation of evidence." Counsel for the Railroad objected to this ruling. It is necessary to make clear, however, that in the Railroad's motion for judgment in accordance with its motion for a directed

verdict or for a new trial, counsel for the Railroad charged that "[T]he court committed prejudicial error in admitting the deposition of Joseph W. Derewecki, as it was incomplete, [and] was taken for the purpose of discovery only. * * *" We must also point out that counsel for the Railroad in making the argument that the deposition or depositions were for discovery only stated: "I merely wanted to state for the record that I recognize under Rule 26 any deposition is admissible under these circumstances. My objection is solely on the basis that these were incompleted depositions." It seems a fair inference from the record that counsel for the Railroad was asserting that the depositions were incomplete because he had had no opportunity to cross-examine Derewecki.

We have given this too lengthy statement of operative facts respecting the taking of depositions and the attitudes of the court and counsel towards them for the information of the reviewing Court should there be an appeal from our decision but we must state that the operative facts seem inconclusive other than the statement by counsel for the Railroad previously quoted that pursuant to Rule 26, under the circumstances at bar, any deposition is admissible, reserving however to the Railroad the objection that the depositions were incomplete.[4] The point originally asserted by the Railroad that the depositions were taken for the purpose of discovery only clearly was waived.[5] There remains the single issue whether or not the depositions were so incomplete by reason of the lack of cross-examination by the Railroad that to admit them into evidence constituted a denial of due process.

and thereafter from day to day as the taking of the deposition may be adjourned, at the office of Morris, Safier and Teitelbaum, at 1122 Frick Building, Pittsburgh 19, Pennsylvania, at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper."

4. Cf. Rule 26(a) and Rule 26(d) (3).

5. Any dichotomy between the provisions of Rule 26(a) and Rule 26(d) (3) seems to

fade into irrelevance at this point. Compare Rosenthal v. Peoples Cab Co., 26 F.R.D. 116 (W.D.Pa.1960). In the Rosenthal case an agent of the defendant died prior to trial and the plaintiff had taken his deposition solely for the purpose of discovery as distinguished from the purpose of using it at trial. Construing Rule 26(d) broadly in conjunction with Rule 26(a), the court permitted the deposition to be used at the trial by the defendant.

Specifically as to the Railroad's claim of the lack of an opportunity to cross-examine Derewecki, it is not clear whether the objection is to the lack of opportunity to cross-examine him at the taking of the depositions or at the trial. We cannot assume only the latter for even upon the taking of a deposition a party calling a witness may deem him to be adverse and may be permitted to cross-examine him as an adverse witness. See Rules 26(c) and 43(b). We will presume therefore that the objections of the Railroad go both to its lack of opportunity to cross-examine Derewecki at the taking of the depositions and at the trial.

We find the contentions of the Railroad on this phase of the case to be without merit.

It was agreed that the first deposition was to be treated as completed. We shall not pass upon the contention that the agreement is binding upon the Railroad in the absence of approval by the court below for we find it unnecessary to do so. The stipulation evidenced the intention of the Railroad at the time it was made that it should be binding. United States v. Reading Co., 289 F.2d 7, 9 (3 Cir. 1961). Cf. Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 186 (3 Cir. 1942). Despite the agreement, the Railroad doubtless intended to cross-examine Derewecki at the trial, but the intervention of Derewecki's death rendered this impossible.

We conclude that adherence to the Rules of Civil Procedure is desirable and it appears that in the case at bar the conditions prescribed by Rule 26(d) (3) were adhered to.

■ Evidence by deposition is freely admissible where the conditions prescribed in Rule 26(d) (3) are met.[6,7] B. F. Goodrich Tire Company v. Lyster, 328 F. 2d 411 (5 Cir. 1964); Klepal v. Pennsylvania Railroad Company, 229 F.2d 610 (2 Cir. 1956); Frederick v. Yellow Cab Co. of Philadelphia, 200 F.2d 483 (3 Cir. 1952); Franzen v. E. I. DuPont de Nemours & Co., 146 F.2d 837 (3 Cir. 1944); Re-Trac Corp. v. J. W. Speaker Corp., 212 F.Supp. 164 (E.D.Wis.1962); Hart v. Friedman, 29 F.R.D. 2 (E.D.Pa. 1961); see also Wright v. Wilson, 154 F.2d 616, 170 A.L.R. 1237 (3 Cir. 1946).

Here the Railroad desired to take the second deposition because "he [Derewecki] was claiming that an accident happened at a particular spot * * * [and] it was important to take Mr. Derewecki's deposition in order that we could specifically pinpoint the place of the happening of the alleged accident as well as the surrounding circumstances."[8] The Railroad learned from the first deposition that the accident occurred between 7:30 and 8:00 A.M. on March 14, 1961, in the Railroad's yard at Mingo Junction, Ohio, on its "No. 3 track." At the second deposition Derewecki indicated that the No. 3 track was located between the "old wheel crossing" and the "Blacksmith crossing," an area large enough to accommodate from four to five railroad cars depending on their size. The Rail-

---

6. In Re-Trac Corp. v. J. W. Speaker Corp., 212 F.Supp. 164, 169 (E.D.Wis. 1962), the court stated in response to an objection to the admissibility of the deposition of a deceased witness because it was not complete, "Plaintiff has not indicated with particularity the area and scope of the matter not completely investigated. The court is of the opinion that under the rule favoring the admissibility of evidence in doubtful cases, the testimony of Mr. Speaker on deposition is admissible. * * * Incompleteness and the freer range of questions and answers for the purpose of discovery are factors bearing on the weight of the testimony and not on its admissibility."

7. In addition to use of the deposition "for any purpose", if the witness is dead n. 6, supra, Rule 26(d) (3) also provides for free use when: "2, that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States * * * or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or 5, * * * that such exceptional circumstances exist as to make it desirable, in the interest of justice * * * to allow the deposition to be used."

8. Appellant's brief, 4–5.

road on March 17, 1964 also took the deposition of two of its employees who worked at the Mingo Junction yard. These employees testified that the location of the No. 3 track at which Derewecki was working at the time of his asserted injuries, was approximately eighty-five feet east of the old wheel crossing and that the "spot", the particular location at or near the No. 3 track, where the accident occurred was well defined because it was used on every occasion for the repair of wheel assemblies since all of the necessary tools and parts were located there and the repair area was marked off by the rails with yellow paint. In view of this information, all of which was available before trial, it is not apparent how the place and time of the alleged accident could have been made more exact.

As to the circumstances surrounding the occurrence which, it is asserted, caused Derewecki's illness and death, Derewecki indicated that he and a groundman on a derrick, Welsch, were pulling a wheel truck assembly from beneath a railroad car by hand, each being on opposite sides of the assembly, the car itself having been lifted by the derrick, when Welsch let go of his side without warning and the truck assembly started to roll back beneath the railroad car because of a grade or a gully or a depression in the track, catching Derewecki "with all of this excess weight * * * and [he was] jerked, with extreme pain going up [his] left arm and shoulder and into [his] back." Because of this he stopped work and went home with the permission of his foreman when he could stand it [the severe pain] no longer." He testified that none of his fellow employees seemed interested in his condition or offered him any aid. The foregoing indicates the circumstances of the accident. Indeed, as pointed out by the court below, the Railroad "offers nothing persuasive as to the content or the substance of the further examination of which it may have been deprived." See 36 F.R.D. at 198.

The court below and this court are entitled to regard all of the circumstances surrounding the alleged accident and what we have set out in the preceding paragraphs is relevant to the issue of the lack of opportunity which the Railroad had to cross-examine Derewecki. We agree, however, with the court below that it is unlikely that anything of importance would have emerged from the cross-examination of Derewecki by the Railroad. The fact that the Railroad took Derewecki's depositions itself and presumably was securing from him the information that it desired at the time of his second and fatal seizure does not in our view militate against the Railroad's right to cross-examine Derewecki either while taking his depositions or at the trial itself. But here death rendered any further examination or cross-examination of Derewecki impossible. We realize that the right of cross-examination inheres in every adversary proceeding and that it is established beyond any necessity for citation of authorities, with certain exceptions not pertinent here, that if cross-examination of an available witness is not had the litigant, deprived of cross-examination, has been denied due process of law. But here we have the extraordinary situation of the witness, a one-time party, not being available and having been put beyond the reach of any process by death.

In endeavoring to dispense justice we are required to weigh the right of cross-examination against the right of the plaintiff at bar to maintain her suit when the sole direct evidence of how the accident occurred is contained in Derewecki's depositions. It is our conclusion upon examining the record that Mrs. Derewecki could not have maintained her suit without the use of these depositions.

As pointed out by Chief Justice Shaw in Fuller v. Rice, 70 Mass. (4 Gray) 343, 345 (1853): "No general rule can be laid down in respect to unfinished testimony. If substantially complete, and the witness is prevented by sickness or death from finishing his testimony, whether *viva voce* or by deposition, it

ought not be rejected, but submitted to the jury with such observations as the particular circumstances may require." Generally speaking testimony is deemed to be substantially complete when it is clear, even though it be from the deponent's viewpoint, that the event with which the deposition is concerned occurred, and that it occurred in a particular way, and that the evidence contained in the deposition is sufficient to establish a basis for relief on the cause of action asserted. This test appears to have been met in the instant case. We cannot, however, agree with the statement of the trial judge that the taking of the depositions in the case at bar is analogous to a deposition taken for the perpetuation of evidence for there was apparently little thought in the minds of the parties that Derewecki would die but we do not deem the expression by the trial judge of the suggested analogy to be of such consequence as to require a reversal here.

We can find no case precisely in point, but the facts of Inland Bonding Co. v. Mainland National Bank, 3 F.R.D. 438 (D.N.J.1944), come close to those in the case at bar except in one particular for in the cited case it had been agreed by the parties that the parties could use the deposition for all purposes, but the substantial issue presented in the cited case was the lack of opportunity of the defendant to cross-examine Needham because of his death. In the case at bar, as we have pointed out, the vital issue is the lack of opportunity of the Railroad to cross-examine Derewecki. In the Inland Bonding Co. opinion, District (now Circuit) Judge Forman wisely concluded that there should be no hard and fast rule in respect to the admission of a deposition under circumstances such as those at bar, quoting at length from 5 Wigmore on Evidence, 3rd Ed., Section 1390, pp. 109–111, and from the opinion of Chief Justice Shaw in Fuller v. Rice, supra.

■ On balance we conclude that the court below did not err in admitting the depositions in evidence despite the lack of cross-examination, and we conclude also that as to information in respect to the place and time of the accident and how it occurred further examination and cross-examination could or would have elicited little of benefit to the Railroad. We reiterate again that the conditions of Rule 26(d) (3) have been met. Certainly the literal language of that rule has been complied with. In this connection we point to Rule 1, which provides that the Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action."

■ The appellant also contends that the court below erred in failing to give cautionary instructions on admitting the depositions into evidence. Obviously if a request for such cautionary instructions had been made by the Railroad, it would have been error on the part of the court to have failed to give them. It is also the case that if a request for a cautionary charge had been made by the Railroad it would have been erroneous for the court to have failed to give such a charge. It is also true that if at the close of the charge the Railroad had requested a cautionary charge, it would have been error for the court not to have given such a charge, and if it had failed to do so, the Railroad could have noted a valid objection. But here no request for cautionary instructions or for a cautionary charge was made. We would treat the trial judge's charge as insufficient and as construing plain or fundamental error[9] requiring reversal despite the fact that no request for a cautionary charge and no objection to the charge was made by the Railroad if it were not for the circumstances to which we now refer. Counsel for the Railroad at side bar at the very beginning of the trial before the plaintiff's counsel opened to the jury, asked the court if "[I]t would not be proper that no reference be made to the fact that it was during the taking

---

9. Cf. Mazer v. Lipschutz, 327 F.2d 42, 52 (3 Cir. 1964), and authorities therein cited. See Sleek v. J. C. Penney Company, 324 F.2d 467 (3 Cir. 1963), and Atlantic Coast Line R. Co. v. Burkett, 192 F.2d 941 (5 Cir. 1951).

of a deposition on behalf of the railroad that this man [Derewecki] actually had an attack and died." Counsel for the plaintiff asked, "What difference does it make?", and the attorney for the Railroad replied, "It would be prejudicial", adding, "It would look bad to me. There is a human factor. It would look bad to this jury. It had no bearing on the case." The court took the view advanced by counsel for the Railroad that a statement that Derewecki had died during the course of the taking of his deposition by the Railroad could raise "a prejudicial attitude" in the minds of the jury. The court said: "Although I might be able to instruct them on it I would prefer not to." Counsel for the Railroad raised no objection to this course. It would have been very difficult, if not impossible, for the trial judge to have given a cautionary charge in such a way as not to have prejudiced the Railroad's case when the depositions had been put in evidence, particularly in view of the fact that the second deposition ends with these words: "Whereupon, at 2:15 p. m., the deposition was concluded due to the illness of the witness."

In view of the foregoing it appears to us that counsel for the Railroad is endeavoring to gain an advantage by asserting that the charge was insufficient when he himself was responsible for its paucity and that he preferred a sparse charge, one not dealing with any alleged insufficiency of examination or cross-examination, to a fuller one, and that the course the Railroad's counsel pursued represented the sound trial tactics of an experienced lawyer. For the reasons stated, we shall not reverse the judgment on the ground of the insufficiency of the charge.

█ Another issue raised by the Railroad requires brief mention. Relying on the decision of this court in Dow v. Carnegie-Illinois Steel Corp., 165 F.2d 777, 779 (1948), the Railroad asserts that the court below applied an erroneous measure of damages. The point is not well taken. In the Dow case the issues before the court for adjudication were the liability of the employer to the deceased's wife and other dependents and the measure of damages to which they were entitled. The liability of the employer for the pain and suffering of Dow, if any, and the measure of damages relating thereto were not before the court for adjudication. See also Stark v. Chicago, North Shore and Milwaukee Railroad Co., 203 F.2d 786, 788 (7 Cir. 1953). The law governing the case at bar is set out correctly in Dellaripa v. New York, New Haven & Hartford R. Co., 257 F.2d 733 (2 Cir. 1958), a decision which demonstrates clearly that Section 51 and Section 59 of the Act, 45 U.S.C.A., each create a separate cause of action and recovery can be had, as here, under both causes of action, i. e. (1) recovery for the benefit of the deceased's wife and children and (2) recovery for the pain and suffering suffered by the deceased. Compare Van Beeck v. Sabine Towing Co., 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685 (1937).

█ The Railroad also claims that the verdicts were excessive and exorbitant. We cannot agree. It is well established that in the absence of any showing that the jury was biased or acted capriciously or unreasonably this court will not disturb the amount of a jury verdict. Foresman v. Pepin, 71 F.Supp. 772 (E.D.Pa.1946), aff'd 161 F.2d 872 (3 Cir. 1947); Thomas v. Conemaugh & Black Lick Railroad Co., 133 F.Supp. 533 (W.D.Pa.1955), aff'd 234 F.2d 429 (3 Cir. 1956); McKee v. Jamestown Baking Co., 198 F.2d 551 (3 Cir. 1952). No such showing was made here.

█ The Railroad also contends that the court below erred in refusing to charge the jury on the issue of contributory negligence. See 45 U.S.C.A. § 53. When the court below did not charge on contributory negligence counsel for the Railroad objected and the trial judge replied in answer to the objection that he perceived no evidence of contributory negligence. Our search of the evidence in the record discloses none. We might stop here, but we think it desirable to point out that though the third defense

raised by the Railroad in its answer was contributory negligence, nonetheless this issue was foreclosed at pretrial.[10]

Other points raised by the parties do not require discussion.

The judgment will be affirmed.

10. See Rule 16(6), Fed.R.Civ.Proc., 28 U.S.C. and the transcript of the proceedings at pretrial, 2–3, and 12. The court stated at the conclusion of the pretrial conference: "The parties will be bound by all pleadings heretofore filed, both original pleadings and the pretrial pleadings, and by what has been brought out at this conference. In addition, they will be bound by the theory, the witnesses and the exhibits, except as indicated at the pretrial conference."

It is clear that there was no attempt at modification of the pretrial order and that the Railroad attempted to effect none until after the charge was given. See transcript of the trial at 394.