■ ALICIA FARMER, Appellant, v NOSTRAND AVENUE MEAT AND POULTRY, Defendant, and FRED LANE, Respondent. [831 NYS2d 443]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Rothenberg, J.), entered September 20, 2005, which, upon an order of the same court dated October 31, 2003 granting the motion of the defendant Fred Lane for summary judgment, is in favor of that defendant and against the plaintiff dismissing the complaint. The appeal from the judgment brings up for review an order of the same court (Jones, J.), entered January 12, 2001, which granted the motion of the defendant Fred Lane to suppress the deposition of the plaintiff's decedent (see CPLR 5501 [a] [1]).

Ordered that the judgment is reversed, on the law, with costs, the order dated October 31, 2003 is vacated, the motion of the defendant Fred Lane to suppress the deposition of the plaintiff's decedent is denied, the matter is remitted to the Supreme Court, Kings County, for further proceedings, including a new determination of the motion of the defendant Fred Lane for summary judgment, and the order entered January 12, 2001 is modified accordingly.

This is an action to recover damages sustained by the plaintiff's decedent when he fell while descending from a scaffold. On March 5, 1997 the plaintiff's decedent appeared for a deposition by the defendants' counsels. Upon his examination of the plaintiff's decedent, counsel for the defendant Lane (hereinafter the defendant) asked more than 280 questions relating to issues relevant to liability and general credibility, including the plaintiff's decedent's living arrangements, work, educational history, immigration status, the events leading up to the accident, the accident itself, his alleged comparative negligence, and his personal background, including his psychiatric history. During inquiry with respect to the nature of the medical treatment for his injuries, the deposition was adjourned at the request of counsel for the codefendant, who is no longer a party

to the action. Thereafter, the plaintiff's decedent died of unrelated causes.

The defendant moved to suppress the deposition of the plaintiff's decedent on the ground that it was incomplete. By order entered January 12, 2001 the motion to suppress was granted. The plaintiff appealed from that order but this Court declined to review it on the ground that the granting of the motion to suppress was an evidentiary ruling in advance of trial (*see Farmer v Nostrand Ave. Meat & Poultry*, 289 AD2d 439 [2001]).

Thereafter, the defendant moved for summary judgment. By order dated October 31, 2003, his motion was granted on the ground that the "plaintiff concedes that in the absence of plaintiff's deposition testimony, it is unable to state a prima facie case." In affirming the order dated October 31, 2003, granting the defendant's motion for summary judgment, this Court stated that the order entered January 12, 2001, granting his motion to suppress the plaintiff's decedent's deposition was not reviewable at that juncture but was reviewable on an appeal from a final judgment (*see Farmer v Nostrand Ave. Meat & Poultry*, 13 AD3d 333 [2004]; CPLR 5501 [a] [1]).

The instant appeal from the final judgment brings up for review the order entered January 12, 2001. Upon review, we note that this case does not present a question of deprivation of cross-examination. The plaintiff's decedent was produced by his counsel so that counsel for the defendants could depose him. It is clear from this record that the defendant had ample opportunity to test the facts and veracity of the witness (*see Owens v Sokol*, 65 AD2d 569 [1978]).

The defendant contends that had the deposition continued, his counsel "would have gone back and asked the plaintiff many more questions about his living arrangements, his psychiatric history, his work history and so on." However, at the deposition, his counsel had fully explored these issues. The defendant has not made any showing that additional questioning would have helped him materially (*see Waterman S. S. Corp. v Gay Cottons*, 414 F2d 724, 727-728 [1969]). The fact that the defendant "may have contemplated further deposing the witness does not, on its own, preclude use of the deposition" which he had already taken (*Vera v Beth Israel Med. Ctr.*, 175 AD2d 716, 717 [1991]).

We further note that since the plaintiff's decedent is dead, the fact that he did not sign the deposition did not preclude its admission in evidence (*see Broome County Farmers' Fire Relief Assn. v New York State Elec. & Gas Corp.*, 239 App Div 304 [1933], *affd* 264 NY 614 [1934]).

In view of the foregoing, we reverse the judgment appealed from, vacate the intermediate order dated October 31, 2003, deny the defendant's motion to suppress the plaintiff's decedent's deposition, modify the order entered January 12, 2001, accordingly, and remit the matter to the Supreme Court, Kings County, for further proceedings, including a new determination of the defendant's motion for summary judgment.

Motion by the respondent to dismiss an appeal from a judgment of the Supreme Court, Kings County, entered September 20, 2005, on the ground, inter alia, that the appellant raises issues that are not properly before this Court or, in the alternative, to enlarge the time to serve and file a brief. By decision and order on motion of this Court dated July 24, 2006, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is denied. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.